**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

**BARRY BAPTISTE,
and other similarly situated individuals,**

      **Plaintiffs,**

**vs.**

**ASSOCIATED GROCERS OF FLORIDA, INC.,
and CALVIN J. MILLER,**

      **Defendants.**
_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, BARRY BAPTISTE ("Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sue Defendants, ASSOCIATED GROCERS OF FLORIDA, INC., and CALVIN J. MILLER, ("Defendant(s)"), and in support avers as follows:

## GENERAL ALLEGATIONS

1.    This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $15,000 excluding attorneys' fees or costs for unpaid wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3.    Plaintiff was at all times relevant to this action, a resident Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.

4.     Defendant, ASSOCIATED GROCERS OF FLORIDA, INC. is a Florida Profit Corporation authorized to conduct business in Broward County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5.     Defendant, CALVIN J. MILLER, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, ASSOCIATED GROCERS OF FLORIDA, INC.

6.     Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7.     All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.     Plaintiff performed work for Defendants as a non-exempt employee from on or about June 1, 2009 through on or about July 21, 2013.

9.     Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week.

10.    At all times material hereto, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

11.    Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

<u>**COUNT I**</u>
*Wage & Hour Federal Statutory Violation Against*
*ASSOCIATED GROCERS OF FLORIDA, INC.*

12.    Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16

of this complaint as if set out in full herein.

13.    This action is brought by Plaintiff and other similarly-situated individuals to recover from

Defendants unpaid overtime compensation, as well as an additional amount as liquidated

damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et*

*seq.*, and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1)

states, " No employer shall employ any of his employees… for a work week longer than

40 hours unless such employee receives compensation for his employment in excess of

the hours above-specified at a rate not less than one and a half times the regular rate at

which he is employed."

14.    Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

15.    At all times pertinent to this Complaint, Defendant operated as an organization which

sells and/or markets its services and/or goods to customers from throughout the United

States and also provides its services for goods sold and transported from across state lines

of other states, and the Defendant obtains and solicits funds from non-Florida sources,

accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise

regularly engages in interstate commerce, particularly with respect to its employees.

16.    Upon information and belief, the annual gross revenue of the Defendant was at all times

material hereto in excess of $500,000 per annum, and, by virtue of working in interstate

commerce, otherwise satisfies the FLSA's coverage requirements.

17.     By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

18.     Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

19.     At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

20.     Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

21.     Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation Against CALVIN J. MILLER*

22.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 of this complaint as if set out in full herein.

23.  At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant, ASSOCIATED GROCERS OF FLORIDA, INC.

24.  Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiff.

25.  Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

26.  Defendant willfully and intentionally refused to properly pay Plaintiff wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated August 8, 2014

Respectfully submitted,

/s/ Anthony M. Georges-Pierre
**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005